Kevin A. Hickman (KH-2102)
MORRISON MAHONEY LLP
17 State Street, Suite 1110
New York, New York 10004
(212) 825-1212

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
SHEILA WOLK,                                    )    Civil Case No.: 09 CV 3590
                                                )
    Plaintiff                                  )
                -against-                  )
                                                )
TFG TREE-FREE, INC. (d/b/a Tree-Free            )
Greetings) and STEVEN M. SILVERSTEIN,            )
individually,                                    )
                                                )
    Defendants.                                )
-------------------------------------------------------------X

## **DEFENDANT, STEVEN SILVERSTEIN'S, MOTION TO DISMISS**

The defendant, Steven Silverstein, respectfully requests that this Court dismiss the allegations against him made in this complaint for the reasons set forth below. Pursuant to Fed. R. Civ. P. 12(b)(6), the defendant moves to dismiss Count IV of the complaint and any other counts which may be construed as claims against him individually.

*Pro se* plaintiff Shelia Wolk filed this instant action on or about April 8, 2009. Mr. Steve Silverstein is the president of TFG Tree-Free Greetings, Inc. (improperly named in the plaintiff's complaint) and received the complaint on or about April 15, 2009. Count IV of the complaint does not state a legal claim but rather asserts "Tree Free is the Alter Ego of Silverstein." Insofar as the plaintiff is attempting to pierce the corporate veil, the conclusory allegations set forth in this complaint do not justify disregard of the normal presumption of corporate separateness. Mr.

Silverstein moves to dismiss the complaint for its failure to state a claim upon which relief can be granted.

**<u>Plaintiff's Complaint Lacks Sufficient Allegations to Justify Piercing the Corporate Veil.</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. For the purposes of this motion, the material facts alleged in the complaint are accepted as true. *Frasier v. Ben. Elec. Co.*, 930 F.2d 1004, 1007. While detailed factual allegations are not required, a plaintiff must provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964.

In addition to counts for declaratory judgment, injunction, and copyright infringement, the complaint alleges a fourth count that "Tree Free is the Alter Ego of Silverstein." This count does not state a claim upon which relief should be granted and therefore should be dismissed. Insofar as plaintiff is attempting to advance the legal doctrine of piercing the corporate veil, such theory is not supported by the conclusory allegations contained in this complaint.

In order to pierce the corporate veil, the plaintiff must show (i) that Mr. Silverstein exercised complete domination over TFG Tree-Free Greetings, Inc. with respect to the transaction at issue; <u>and</u> (ii) that such domination was used to commit fraud or wrong that injured the plaintiff. See *Thrift Drug, Inc. v. Universal Prescr. Admin.,* 131 F.3d 95, 97 (2d Cir. 1997) (citations omitted). As the plaintiff's allegations are insufficient to satisfy either of these prongs, the complaint should be dismissed.

With respect to showing that Mr. Silverstein exercised complete domination over TFG Tree-Free Greetings, Inc. for the transaction at issue, the plaintiff's allegations are illustrative of the sort of "labels and conclusions" that the Supreme Court considered in *Twombly*. The

1250939v1

plaintiff states that Mr. Silverstein "exercised complete control" over the corporation's actions (¶ 35), is the "controlling owner" (¶ 49), and that he is "jointly and severally liable" for the alleged infringement (¶ 53). These allegations do not rise beyond the level of speculation required to survive a motion to dismiss.

The element of domination and control is insufficient to justify piercing the corporate veil; limited liability will prevail unless the control is used to perpetrate a fraud or other wrong. *See Freeman v. Complex Computing Co.,* 119 F.3d 1044, 1053 (2d Cir. 1997). This complaint lacks sufficient allegations to show that Mr. Silverstein used the corporate form to perpetrate any fraud or wrongdoing that would justify disregarding the normal presumption in favor of the corporate form. The complaint states that TFG Tree-Free Greetings is "a greeting card manufacturer, distributor, and marketer" and that Mr. Silverstein "is an individual who residents in Keene, New Hampshire" and is president of the corporation. Complaint at ¶¶ 4-5. The plaintiff has not alleged that Mr. Silverstein used the corporate form for any improper purposes.

**Conclusion**

Because the plaintiff has failed to state a claim upon which relief can be granted, the complaint should be dismissed with respect to all claims against Mr. Silverstein. Insofar as plaintiff is attempting to pierce the corporate veil and hold Mr. Silverstein personally liable for the alleged infringement by TFG Tree-Free Greetings, Inc., this complaint does not set forth sufficient basis to justify disregarding the corporate form.

WHEREFORE defendant Steven Silverstein respectfully requests that the instant motion be granted in its entirety and the complaint against him be dismissed, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
May 5, 2009

Respectfully submitted,

MORRISON MAHONEY LLP
Attorneys Defendants

By: _____/s/_____
Kevin Hickman, Esq. (KH-2102)
17 State Street, Suite 1110
New York, NY  10004
(212) 825-1212

1250939v1